UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GRAILING BROWN | No. 86 CR 513-2<br><br>Judge Thomas M. Durkin |

### MEMORANDUM OPINION AND ORDER

Defendant Grailing Brown, a 70-year-old prisoner, submitted an emergency motion for compassionate release and appointment of counsel. *United States v. Brown*, 86 CR 513-2 (hereinafter "R."), ECF no. 811. That motion is denied because this Court cannot reduce the state life sentences which Brown is currently serving.

On June 1, 1976, following Brown's conviction on two counts of murder in Atlantic County, New Jersey, he was sentenced to two consecutive life sentences. R. 818 at 2. On April 27, 1978, Brown received two additional life sentences for two additional murder convictions, also in Atlantic County, New Jersey. *Id.* These life sentences were to run consecutive to each other and to the two previously imposed life sentences. *Id.*

Brown was transferred to federal custody on August 25, 1981, because of his involvement in an inmate takeover of a unit in the Trenton State Prison in New Jersey, where Brown was serving his state sentences. *Id.* The incident ultimately resulted in the stabbing of a fellow inmate. *Id.* Brown has remained in federal custody since that time. *Id.*

1

In 1987, Brown was convicted for conspiracy in this case in the United States District Court for the Northern District of Illinois after planning an elaborate escape from prison involving multiple co-defendants, a helicopter, grenades, and other explosives. *See generally United States v. Brown*, 86 CR 513-2. On December 31, 1987, Brown received five years' imprisonment for his role in the conspiracy, to run consecutively to the state sentences he was already serving. R. 818 at 2.

On March 7, 2023, Brown filed an emergency motion for compassionate release and appointment of counsel. R. 811. Brown, who is now 70 years old and has been an inmate for past 47 years, argues that he has numerous health issues which put him at serious risk if he contracts COVID-19, including heart disease, diabetes, hypertension, early-stage dementia, respiratory problems, glaucoma, and various joint and mobility issues. *Id*. He further argues that he received a significantly longer sentence than others who have committed similar or worse conduct, that the conditions of his confinement constitute cruel and unusual punishment, and that he is too old and immobile to commit any further crimes upon release. *Id*.

A member of the Federal Defender's office, Mina Zardkoohi, reviewed Brown's motion and criminal history and reported her findings to the Court during an April 14, 2023 telephone status hearing. She stated that she would not be filing an appearance on Brown's behalf because it was her understanding that this Court does not have the ability to release Brown from custody since he is currently serving multiple consecutive state sentences of life imprisonment. At the Court's request, the

government filed a status report on May 9, 2023, which confirmed the facts reported by Ms. Zardkoohi. R. 818.

A court generally cannot modify a term of imprisonment except under rare circumstances. *Dillon v. United States*, 560 U.S. 817, 825, (2010) ("A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances," (cleaned up)). One such exception allows a court to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A) if certain requirements are met. An inmate can request a compassionate reduction of his sentence if he has exhausted his administrative remedies, the factors laid out in 18 U.S.C. § 3553(a) warrant such a reduction, and the court either finds "(i) extraordinary and compelling reasons warrant such a reduction," or "(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . , and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community . . . ." *Id.*

Even if this was the rare case in which the requirements of § 3582(c)(1)(A) were met, this Court cannot grant the relief Brown seeks—immediate release from prison. First, though he is in federal custody, Brown is currently serving four consecutive life sentences on state convictions for murder. He is not serving (and will never serve) his five-year federal sentence for conspiracy, which runs consecutively to his four life sentences. It is a basic principle of federalism that a federal court can only amend a

3

federal sentence. *Hammond v. Perdue*, 2015 WL 114359, at *11 (N.D.W.V. January 8, 2015) (A "federal sentence [ ] is the only sentence the BOP and this court can review."); *see also United States v. Wigfall*, 2022 WL 1229021, at *2 (D.S.C. Apr. 26, 2022) ("Until Defendant completes his state sentence, § 3582(c)(1)(A) provides no basis for his release from custody."); *Herrera v. Johnson*, 2021 WL 5051370, at *3 (D. Utah Nov. 1, 2021) ("[T]he Court does not have the authority to order a compassionate release from state custody, which is a matter of state law."). And the terms of § 3582(c)(1)(A)(ii) explicitly state that any calculation of time served must have been "pursuant to a sentence imposed under section 3559(c)"—in other words, a federal sentence.

And even if this Court were to reduce Brown's federal sentence, his state sentences would remain unchanged, and Brown would remain in custody. *United States v. Binns*, 2020 WL 2488241, at *1 (S.D.N.Y. May 14, 2020) ("The Court certainly cannot alter . . . [defendant's] state sentence under Section 3582, and it is unclear that reduction of [defendant's] federal sentence would afford any substantial relief because it will not affect the remaining [time] left on [defendant's] state sentence."); *Williams v. Keiser*, 2020 WL 5051370, at *3 (W.D.N.Y. April 28, 2020) (ruling that the court did "not have the authority to alter [defendant's] state sentence under § 3582," and further, "[e]ven if this Court were to reduce his federal term of imprisonment, that would not result in any change to his state sentence.").[1]

---

[1] There is also authority in other circuits that "section 3582(c)(1)(A) does not authorize a reduction in the term of imprisonment where the defendant has not yet begun serving his sentence." *United States v. Verasawmi*, 2021 WL 2549303, at *4

4

Therefore, because this Court cannot grant Brown the relief he seeks—immediate release from prison, his motion for compassionate release is denied.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: May 31, 2023

---

(D.N.J. June 22, 2021) (citing *United States v. Picardo*, 2020 WL 6501730, at *2 (D.N.J. Nov. 5, 2020)); *see also United States v. Konny*, 463 F. Supp. 3d 402, 404 (S.D.N.Y. 2020) ("[B]y its plain terms, the section applies only to those defendants who have begun serving their term of imprisonment."). Because Brown has not started to serve his federal sentence, this would be another reason the Court cannot grant Brown's request.